[Cite as *State v. Foster*, 2018-Ohio-3569.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106554**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAYMOND FOSTER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-618153-A

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** September 6, 2018

**ATTORNEY FOR APPELLANT**

James M. Price, Jr.
1496 Westford Circle, Apt. 203
Westlake, OH 44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Andrew T. Gatti
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

**{¶1}** Defendant-appellant Daymond Foster ("Foster") appeals his felonious assault conviction, arguing that it was both against the manifest weight of the evidence and supported by insufficient evidence. For the reasons that follow, we affirm Foster's conviction.

**Procedural and Substantive History**

**{¶2}** On June 13, 2017, Foster was indicted by a Cuyahoga County Grand Jury on one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of aggravated robbery in violation of R.C. 2911.01(A)(3). These charges stemmed from an incident on June 7, 2017.

**{¶3}** Foster and the victim, Ralph Ronsky ("Ronsky"), were together on the evening of June 6, 2017, when they went with a third man to Home Depot. At Home Depot, Ronsky returned cable and received a gift card in exchange for the cable. According to Foster, Ronsky owed him money for a portion of the gift card and for drugs.

**{¶4}** In the early hours of the morning on June 7, 2017, Foster confronted Ronsky. According to Ronsky's testimony, Foster entered Ronsky's home, took a bottle of whiskey that Ronsky had been drinking, and proceeded to tease Ronsky about the whiskey before riding away on a bicycle. At that point, Ronsky left his house to purchase beer from a nearby corner store. Because the store was not yet open, he went to his neighbor Susan Davis's house for coffee and breakfast. Foster approached Ronsky in Davis's driveway, demanded that Ronsky give him what Foster claimed he was

owed, and proceeded to punch Ronsky. According to the testimony of both Ronsky and Foster, Foster knocked Ronsky to the ground several times with the force of his punches. Ronsky alleged that after knocking him to the ground, Foster took two cell phones, a necklace, and a wallet from his pockets and left.

{¶5} Foster disagrees with Ronsky as to how this fight started. He testified that he approached Ronsky and asked Ronsky to pay him, and in response, Ronsky refused and "rushed [him]." Foster does not deny punching Ronsky and knocking him to the ground.

{¶6} Ronsky then went inside Davis's house, and Davis, seeing Ronsky's condition, called 911. Ronsky was treated for his injuries at Fairview Hospital, and Foster was arrested the following day.

{¶7} On June 16, 2017, Foster pleaded not guilty as to both counts. On September 18, 2017, Foster waived his right to a jury trial. A bench trial began the next day. Ronsky, Davis, and Foster testified at trial, along with two Cleveland police officers, a detective, and the physician assistant who treated Ronsky. On September 20, 2017, the court found Foster guilty of felonious assault and not guilty of aggravated robbery. On October 16, 2017, the court sentenced Foster to three years in prison. Foster now appeals, presenting two assignments of error for our review.

**Law and Analysis**

**Sufficiency**

{¶8}     In his first assignment of error, Foster argues that the state failed to produce legally sufficient evidence to support his felonious assault conviction. Specifically, he asserts that the state failed to present any evidence that Ronsky suffered serious physical harm.

{¶9}     A sufficiency challenge requires a court to determine whether the state has met its burden of production at trial and to consider not the credibility of the evidence but whether, if credible, the evidence presented would support a conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991), citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶10} Foster was convicted of felonious assault pursuant to R.C. 2903.11(A)(1), which makes it a crime to knowingly cause serious physical harm to another. R.C. 2901.01(A)(5) defines "serious physical harm to persons" as, inter alia, "any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity."

{¶11} We find that the state clearly met its burden with respect to establishing that Foster inflicted serious physical harm on Ronsky. The physician assistant who treated Ronsky testified that Ronsky had suffered from an orbital fracture, a nasal fracture, an ear

laceration requiring a stitch, and a subconjunctival hemorrhage in his left eye. These injuries are sufficient to constitute serious physical harm. This court has held that nasal fractures are sufficient to constitute serious physical harm. *State v. Clark*, 8th Dist. Cuyahoga No. 104076, 2016-Ohio-5143, ¶ 23. Here, the victim suffered multiple facial fractures, and his injuries resulted in significant bruising and swelling, along with substantial pain that required prescription medication. Further, Foster does not dispute any of the evidence regarding the harm suffered by Ronsky; he merely disputes the seriousness of Ronsky's injuries. Taking the evidence in the light most favorable to the state, however, there was sufficient evidence to show that Foster caused Ronsky serious physical harm. Therefore, this assignment of error is without merit.

## Manifest Weight

{¶12} Unlike a challenge to the sufficiency of evidence, a manifest weight challenge attacks the quality of the evidence and questions whether the state met its burden of persuasion at trial. *State v. Hill*, 8th Dist. Cuyahoga No. 99819, 2014-Ohio-387, ¶ 25, citing *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. When reviewing a manifest weight challenge, a court reviews the entire record, weighing all evidence and reasonable inferences and considering the credibility of the witnesses, to determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *Thompkins* at 387.

{¶13} After a thorough review of the record, we conclude that the trier of fact did not clearly lose its way, because Foster's conviction was not against the manifest weight of the evidence. Again, the only element of his felonious assault conviction that Foster contests is serious physical harm. We established above that the state presented sufficient evidence that Foster caused Ronsky serious physical harm. Given the totality and nature of the evidence, we must also conclude that the evidence was credible and persuasive.

{¶14} In arguing that his conviction was against the manifest weight of the evidence, Foster argues that Ronsky's testimony was inconsistent and therefore not credible enough to support a conviction. We disagree. Although Ronsky's testimony contained several inconsistencies, he clearly testified as to the physical assault he suffered at the hands of Foster. Further, this aspect of Ronsky's testimony was supported by Foster's own testimony and the medical evidence presented in the case. Therefore, even if Ronsky's testimony was inconsistent or even incredible as to how exactly the altercation started, this is outweighed by the totality of the evidence in the case. Therefore, this assignment of error is without merit.

{¶15} Because we find that Foster's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence, we affirm his conviction.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR